# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-1151** (Mineral County 10-F-126)

**Kelly M. Bradley,**
**Defendant Below, Petitioner**

**FILED**

**June 10, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Agnieszka Collins, arises from the Circuit Court of Mineral County, wherein she was sentenced to a definite term of incarceration of eight years following her guilty plea to second degree arson by order entered on August 20, 2012. The State of West Virginia, by counsel Andrew Mendelson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2010, petitioner was indicted on three counts of second degree arson, one count of burning insured property, two counts of causing injury during an arson, and one count of conspiracy. This indictment resulted from an incident in which a fire was started in the Polish Pines Restaurant and Bar, owned by petitioner's husband. The fire significantly damaged the Wee-Care Daycare and Citi Financial, which were located in the same strip mall. The fire also caused approximately one million dollars in damages and two firefighters received minor injuries. Prior to petitioner accepting an *Alford* plea, the State failed to disclose information regarding money found inside poker machines that were located inside the restaurant. Petitioner entered into an *Alford* plea agreement without this information. The circuit court accepted petitioner's *Alford* plea and ordered a presentence investigation. Following testimony from several witnesses, including testimony regarding the previously unknown poker machines, petitioner was sentenced to a definite term of incarceration of eight years.

On appeal, petitioner alleges the circuit court erred in proceeding with her sentencing after exculpatory testimony was offered. Petitioner argues that the State failed to comply with the circuit court's March 23, 2012, discovery order related to the money found inside the poker machines, and as result, petitioner accepted the *Alford* plea upon incomplete information. Petitioner argues this new evidence goes directly against the State's assertion that petitioner was

1

in dire financial straits and was selling everything of value before the fire because she had access to the poker machine money boxes. The State argues that petitioner is attempting to frame the issue under plain error to escape the consequences of her decision to plead guilty. The State also argues that petitioner has waived her right to raise this plain error argument.

"To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, this Court has stated:

> Under the "plain error" doctrine, "waiver" of error must be distinguished from "forfeiture" of a right. A deviation from a rule of law is error unless there is a waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined. By contrast, mere forfeiture of a right-the failure to make timely assertion of the right-does not extinguish the error. In such a circumstance, it is necessary to continue the inquiry and to determine whether the error is "plain." To be "plain," the error must be "clear" or "obvious."

Syl. Pt. 8, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). Applying this standard, the Court concludes that there was a waiver of any alleged error in the circuit court proceeding in petitioner's sentencing hearing. A review of the record clearly shows that the circuit court granted petitioner a recess to consult with counsel after learning that certain information was not properly disclosed. The record also shows that the circuit court inquired as to whether petitioner wished to reconsider her *Alford* plea in connection with the new information, her desire to continue with the proceedings, and if petitioner had enough time to discuss her options with counsel. In response to the court's inquiry, petitioner, through her counsel stated that she "desire[d] to proceed with the proceedings" and "not withdraw." Counsel for petitioner also inquired if she had enough time to discuss the issue and if her decision was informed, to which petitioner responded "[y]es."

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II